IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHANNON CHAVEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) JURY TRIAL DEMANDED |
| | ) Case No.: 1:26-cv-02121 |
| WILLIAM RAINEY | ) |
| HARPER COLLEGE, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, by and through her undersigned counsel, respectfully files this complaint against Defendant William Rainey Harper College ("Harper College" or "Defendant") alleging as follows:

## PRELIMINARY STATEMENT

1. Plaintiff Shannon Chavez, who is deaf, brings this civil action against Defendant for violations of Titles II, III, and V of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*; Section 504 of the Rehabilitation Act of 1973 ("Section 504"), as amended, 29 U.S.C. § 794; the Illinois Human Rights Act ("IHRA"), 775 ILCS § 5/1-101 *et seq.*; and the Illinois Civil Rights Remedies Restoration Act, 775 ILCS § 60/15 by denying the Plaintiff reenrollment into its Surgical Technology program on the basis of her disability and failing to provide

1

Plaintiff with effective communication necessary for her full and equal participation in the program.

2. Plaintiff Shannon Chavez was a student in Harper College's Surgical Technology program, located in Palatine, Illinois, during its Fall 2023 and Spring 2024 semesters.

3. Despite knowing of Plaintiff's disability and her need for accommodations, Defendant, and its agents and employees, delayed, denied, interfered with, and undermined the provision of auxiliary aids and services necessary for Plaintiff to have equal access to lectures, laboratories, and clinical instruction in its Surgical Technology program.

4. As a result of Defendant's discriminatory conduct and retaliation, Plaintiff was denied equal educational opportunity, subjected to a hostile educational environment, was denied the opportunity to participate in and pass courses with appropriate auxiliary aids and services, and was ultimately disenrolled and refused reenrollment in the Surgical Technology program because of her disability.

5. Plaintiff Shannon Chavez brings this lawsuit to compel Defendant to cease its discriminatory practices, to allow her to reenroll in the Surgical Technology program, and to provide her with auxiliary aids and services that will ensure effective communication and an equal opportunity to participate in and benefit from the Surgical Technology program.

2

6. Plaintiff seeks declaratory and injunctive relief, damages, and her reasonable attorneys' fees, expenses, and costs.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over Plaintiff's federal law claims, brought under Titles II and III of the ADA, 42 U.S.C. §§ 12131–12189, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, pursuant to 28 U.S.C. §§ 1331 and 1343.

8. This Court has supplemental jurisdiction over Plaintiff's state law claims, brought under the IHRA, 775 ILCS § 5/1-101 *et seq.*, and the Illinois Civil Rights Remedies Restoration Act, 775 ILCS § 60/15, pursuant to 28 U.S.C. § 1367.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because (i) Defendant is located in this district and (ii) the acts and omissions giving rise to this Complaint occurred within this district.

## PARTIES

10. Plaintiff Shannon Chavez resides in Mount Prospect, Illinois.

11. Defendant Harper College is a public community college located at 1200 West Algonquin Road, Palatine, Illinois 60067.

12. Defendant Harper College is a public institution of higher education that operates educational programs and facilities.

13. Defendant Harper College is a recipient of federal financial assistance.

## FACTUAL ALLEGATIONS

14. Plaintiff Shannon Chavez is deaf. She is substantially limited in the major life activity of hearing and is an individual with a disability.

15. In the Fall of 2023, Plaintiff enrolled in Harper College's Surgical Technology program, a two-year program consisting of lecture-based courses, laboratory instruction, and clinical training.

16. Harper College was aware at all relevant times that Plaintiff is deaf and requires auxiliary aids and services in order to access aural communication and fully participate in its Surgical Technology program.

17. At the time she began the Surgical Technology program at Harper College, Plaintiff was deaf but retained limited residual hearing through the use of hearing aids.

18. During the early part of Plaintiff's enrollment in the Surgical Technology program at Harper College, Plaintiff's approved accommodations included Plaintiff receiving copies of instructor's notes and PowerPoint presentations, closed captioning on videos, instructors facing her while speaking, and extended time on examinations.

19. During the course of Plaintiff's enrollment in the Surgical Technology program at Harper College, Plaintiff experienced a complete loss of hearing and was no longer able to access aural communication through hearing aids alone.

20. As a result of completely losing all hearing, Plaintiff requested additional accommodations necessary for effective communication, including Communication Access Real-Time Translation ("CART") services and American Sign Language ("ASL") interpreters.

21. Plaintiff struggled to hear or understand spoken instruction without CART services or ASL interpreters, resulting in significant physical and mental exhaustion and causing her not to comprehend substantial instructional content.

22. On or about January 30, 2024, Plaintiff met with Dean Rita Gura and Professor Laura Smith, the coordinator of the Surgical Technology program at Harper College, to discuss her accommodations. At this meeting, Professor Smith told Plaintiff that she could not work in the medical field because she is deaf. This was the first time any employee of Harper College said this to Plaintiff.

23. From the time of Plaintiff's request for additional accommodations, it took approximately three weeks for Harper College to provide CART services. Plaintiff missed a substantial amount of instructional content as a result of this delay, placing her at an academic disadvantage.

24. When Harper College provided Plaintiff with CART services in the Surgical Technology lab classes, the CART services were ineffective due to Defendant's actions and omissions that interfered with Plaintiff's ability to use the CART services.

25. Specifically, Professor Dane Matthews, Plaintiff's laboratory instructor for the Surgical Technology program, obstructed the use of CART in the lab setting and stated that Plaintiff would not receive such auxiliary aids or services "in real life" and therefore should not rely on them in class.

26. Harper College provided a medical-grade stand to hold Plaintiff's iPad during Surgical Technology lab classes. Plaintiff's iPad was used for remote CART services.

27. However, remote CART services were not effective for the Surgical Technology lab classes because Professor Matthews refused to cooperate with and instead interfered with Plaintiff's use of CART services.

28. During the Surgical Technology lab classes, Professor Matthews routinely blocked or interfered with the microphones used for CART services. He refused to wear the lapel microphone properly, often by placing it in his armpit or by refusing to wear the microphone at all. Due to such actions by Professor Matthews, the CART captioners could not hear Professor Matthews's instructions during the Surgical Technology lab classes, which resulted in inaccurate and incomplete captioning for Plaintiff.

29. During the Surgical Technology lab classes, Professor Matthews refused to turn off background music, despite being informed that it interfered with

the remote CART captioner's ability to hear and transcribe effectively. This again resulted in inaccurate and incomplete captioning for Plaintiff.

30. During the Surgical Technology lab classes, Plaintiff would reposition the iPad stand so she could see the captioning while looking at the instructor and so the remote CART captioner could better hear what was being taught in class. However, each time Plaintiff repositioned the iPad stand, Professor Matthews yelled at her for making the stand not sterile, even though the stand was not sterile in the first place.

31. During all times in the Surgical Technology lab classes, the lab equipment and the iPad stand were not sterile, as they were frequently reused.

32. Professor Matthews treated Plaintiff differently from all the other students in the Surgical Technology program. He did not acknowledge Plaintiff, refused to answer Plaintiff's questions, dismissed Plaintiff's requests for feedback, limited Plaintiff's opportunities to complete competency assessments, and ultimately refused to work with Plaintiff.

33. Professor Matthews refused to correct his behavior in the Surgical Technology lab classes despite being told by Plaintiff and Harper College employees that his behavior was interfering with Plaintiff's access in his class. As such, Harper College failed to remedy the discrimination and academic disadvantage that Plaintiff experienced in Professor Matthews's courses.

34. Due to ongoing issues with remote CART services, Plaintiff requested ASL interpreters for her Surgical Technology lab classes.

35. Despite Plaintiff's request for ASL interpreters, Harper College did not provide ASL interpreters for the Surgical Technology lab classes until the final four weeks of the program, on or about April 25, 2024.

36. Once Harper College provided ASL interpreters, Plaintiff was able to understand instruction in the final four weeks of the Surgical Technology program.

37. While Harper College provided ASL interpreters for the final four weeks of the Surgical Technology program, Professor Matthews was rude and dismissive toward the ASL interpreters and did not cooperate in using the ASL interpreters during his classes.

38. Because of the discriminatory conduct of Defendant and its agents and employees, Plaintiff was unable to earn passing grades in her Surgical Technology classes. As a result, Defendant removed Plaintiff from the Surgical Technology program.

39. The conduct and statements of Professor Matthews and Professor Smith treated Plaintiff differently than other students on the basis of Plaintiff's disability and substantially interfered with her educational experience.

40. On or about March 13, 2024, Plaintiff filed a formal complaint with Harper College regarding Professor Matthews's conduct.

41. After conducting its own investigation, Harper College substantiated Plaintiff's complaint but did not remedy the academic harm caused by the discrimination.

42. Because Plaintiff was denied effective communication and equal access to instruction, she did not earn passing grades in the Surgical Technology program.

43. Harper College disenrolled Plaintiff as a result of these academic outcomes, which were directly caused by the discriminatory conduct of Defendant and its agents and employees.

44. On or about May 8, 2024, Plaintiff received a Report of Student Dismissal from the Surgical Technology program.

45. On or about May 20, 2024, Plaintiff submitted grade appeals to Professor Smith and Dean Gura.

46. In subsequent conversations with Provost Ruth Williams and Professor Smith, Plaintiff was asked what accommodations she would need if she were reinstated in the Surgical Technology program. Plaintiff responded that she would require ASL interpreters and CART services.

47. On or about May 28 and May 30, 2024, Plaintiff's grade appeals were denied.

48. On or about June 25, 2024, Plaintiff submitted a further grade appeal to Provost Ruth Williams, in which she detailed the difficulties she experienced due to

9

her professors' repeated failure to respect and implement her approved accommodations.

49. On or about June 27, 2024, Plaintiff's appeal to Provost Williams was denied, and she was not reinstated in the Surgical Technology program.

50. In a letter dated August 1, 2024, Plaintiff, through counsel, requested reenrollment in the Surgical Technology program with auxiliary aids and services.

51. In a letter dated August 16, 2024, Defendant, through its counsel, denied Plaintiff reenrollment, stating that due to Plaintiff's hearing loss "even with her use of hearing aids and reasonable accommodations, she does not meet the Functional Abilities related to hearing and communication that are required to provide safe and effective patient care in the clinical setting."

52. Defendant's refusal to reenroll Plaintiff is based on stereotypes and assumptions about deaf and hard-of-hearing individuals, not on an individualized assessment of Plaintiff with appropriate auxiliary aids and services.

53. In the United States, there are hundreds of deaf and hard-of-hearing individuals working as health care professionals, including as surgeons, doctors, nurses, and surgical technicians. Plaintiff's goal and desire is to be another member of the deaf community serving as a surgical technician.

54. Defendant's refusal to reenroll Plaintiff constituted discrimination and retaliation for her requests for auxiliary aids and services and complaints of discrimination.

55. Because of Defendant's unlawful discrimination, Plaintiff suffered numerous out-of-pocket losses, including but not limited to tuition payments to a program she was unlawfully excluded from.

56. Plaintiff has suffered intense emotional harm from Defendant's unlawful discrimination.

## COUNT I
## TITLE II OF THE AMERICANS WITH DISABILITIES ACT

57. Plaintiff repeats and re-alleges paragraphs 1 through 56 in support of this claim.

58. Defendant Harper College is a public entity within the meaning of 42 U.S.C. § 12131(1).

59. Plaintiff is a qualified individual with a disability pursuant to 42 U.S.C. § 12131(2), who sought access to Harper College's educational programs and services.

60. Plaintiff was otherwise qualified to participate in Harper College's Surgical Technology program.

61. Defendant denied Plaintiff the benefits of, and excluded her from participation in, its services, programs, and activities by failing to provide effective communication and auxiliary aids and services.

62. Defendant, through its agents and employees, interfered with and undermined Plaintiff's receipt of auxiliary aids and services necessary for her to effectively participate in her Surgical Technology classes at Harper College.

63. As a result of Defendant's failure to timely provide the necessary auxiliary aids and services to ensure effective communication, Plaintiff was unable to earn passing grades, and Defendant disenrolled Plaintiff from the Surgical Technology program.

64. When Plaintiff requested reenrollment into the Surgical Technology program with auxiliary aids and services, Defendant cited Plaintiff's disability as a reason for denying reenrollment, falsely claiming that deaf or hard-of-hearing individuals could not work in the field of Surgical Technology.

## COUNT II
## TITLE III OF THE AMERICANS WITH DISABILITIES ACT

65. Plaintiff repeats and re-alleges paragraphs 1 through 56 in support of this claim.

66. Defendant Harper College owns, leases, and operates facilities that are open to the public and constitute places of public accommodation within the

meaning of Title III of the ADA, 42 U.S.C. § 12181(7), including educational facilities and related services.

67. Defendant Harper College offers "courses related to applications, licensing, certification, or credentialing for secondary or postsecondary education, professional, or trade purposes. . . ." 42 U.S.C. § 12189.

68. Plaintiff is an individual with a disability pursuant to 42 U.S.C. § 12182, who sought access to Harper College's educational programs and services.

69. Defendant failed to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated, or otherwise treated differently because of the absence of appropriate auxiliary aids and services, in violation of 42 U.S.C. § 12182(b) and 42 U.S.C. § 12189.

70. Defendant, through its agents and employees, interfered with and undermined Plaintiff's receipt of auxiliary aids and services necessary for her to effectively participate in her Surgical Technology classes at Harper College.

71. As a result of Defendant's failure to timely provide appropriate auxiliary aids and services to ensure effective communication, Plaintiff was unable to earn passing grades, and Defendant disenrolled Plaintiff from the Surgical Technology program.

72. When Plaintiff requested reenrollment into the Surgical Technology program with auxiliary aids and services, Defendant cited Plaintiff's disability as a

reason for denying re-enrollment, falsely claiming that deaf or hard-of-hearing individuals could not work in the field of Surgical Technology.

## COUNT III
## TITLE V OF THE AMERICANS WITH DISABILITIES ACT

73. Plaintiff repeats and re-alleges paragraphs 1 through 56 in support of this claim.

74. Defendant, by denying Plaintiff effective communication, removing her from the program, and denying her reenrollment, engaged in unlawful activity under the ADA, as set forth at length above.

75. Plaintiff, by seeking to appeal her grades, increased accommodations, and reenrollment in the Surgical Technology program, engaged in an activity protected by the ADA, 42 U.S.C. § 12203(a).

76. Defendant's actions in denying Plaintiff effective communications, removing her from the program, and denying her reenrollment were motivated by Plaintiff's self-advocacy efforts for her rights under Titles II and III, and an intent to interfere with the exercise or enjoyment of her ADA rights, constituting retaliation and interference in violation of Title V of the ADA, 42 U.S.C. § 12203.

## COUNT IV
## SECTION 504 OF THE REHABILITATION ACT

77. Plaintiff repeats and re-alleges paragraphs 1 through 56 in support of this claim.

78. Plaintiff is substantially limited in the major life activity of hearing and is therefore an individual with a disability pursuant to Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

79. Plaintiff is otherwise qualified to participate in the Surgical Technology program at Harper College.

80. Defendant Harper College is a recipient of federal financial assistance. As a condition of receiving federal financial assistance, Defendant is obligated to comply with Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and must ensure effective communication with individuals who are deaf and hard of hearing.

81. Section 504 provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794.

82. Defendant failed to provide auxiliary aids and services to ensure effective communication, and as a result excluded Plaintiff from participation in its Surgical Technology program.

83. As a result of Defendant's failure to provide auxiliary aids and services to ensure effective communication, Plaintiff was unable to earn passing grades in her Surgical Technology classes, and Defendant disenrolled Plaintiff from the Surgical Technology program.

84. When Plaintiff requested reenrollment in the program with auxiliary aids and services, Defendant cited Plaintiff's disability as a reason for denying reenrollment, falsely claiming that deaf or hard-of-hearing individuals could not work in the field of Surgical Technology.

## COUNT V
## ILLINOIS HUMAN RIGHTS ACT

85. Plaintiff repeats and re-alleges paragraphs 1 through 56 in support of this claim.

86. Plaintiff has exhausted her remedies under the Illinois Department of Human Rights ("IDHR").

87. On January 26, 2026, Plaintiff filed a charge of discrimination against Defendant with the IDHR.

88. Plaintiff was provided a Notice of Opt Out by the IDHR dated February 11, 2026.

89. Harper College is a public accommodation within the meaning of the IHRA, pursuant to 775 ILCS § 5/5-101(A)(11).

90. Defendant violated the civil rights of Plaintiff on the basis of unlawful discrimination by denying her full and equal enjoyment of the facilities, goods, and services of Harper College because of her disability, which is prohibited under the IHRA, 775 ILCS § 5/5-10.

91. Defendant retaliated against Plaintiff for complaining about discriminatory conduct, including through hostile treatment and adverse grading, and culminating in removal from the Surgical Technology program in violation of the IHRA, 775 ILCS § 5/6-101.

92. Defendant denied enrollment to Plaintiff on the basis of her disability in violation of the IHRA, 775 ILCS § 5/5-102.2(1).

93. Defendant's conduct violated the IHRA and caused Plaintiff economic, educational, and emotional harm.

## COUNT VI
## ILLINOIS CIVIL RIGHTS REMEDIES RESTORATION ACT

94. Plaintiff repeats and re-alleges paragraphs 1 through 56 in support of this claim.

95. The Illinois Civil Rights Remedies Restoration Act (the "Act"), effective January 1, 2024, provides that a violation of Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794) and Title II of the Americans with Disabilities Act of 1990 (42 U.S.C. § 12132 *et seq.*) " . . . shall constitute a violation of this Act." 775 ILCS § 60/15.

96. The Act explicitly waives the state's sovereign immunity and Eleventh Amendment of the United States Constitution immunity, allowing complete damages for all injuries—including monetary, emotional, suffering, inconvenience,

and other nonmonetary losses—incurred by violation of the Act, at a statutory minimum of $4,000 for any violation of the Act. 775 ILCS § 60/1 *et seq.*

97. As a result of Defendant's unlawful actions, Plaintiff has suffered injuries, including emotional and mental distress, harms from the denial of supportive services as listed above, and deprivation of her rights under the law. 775 ILCS § 60/ l *et seq.*

## JURY DEMAND

98. Plaintiff demands a trial by jury on all issues so triable.

## RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court provide all just and appropriate relief, including but not limited to:

    A. Declare that Defendant's conduct violates the ADA, Section 504, and the IHRA;

    B. Issue injunctive relief requiring Defendant to adopt and implement policies and practices to ensure effective communication and nondiscrimination, which is necessary to ensure that Plaintiff can complete the Surgical Technology program without further unlawful discrimination;

    C. Issue injunctive relief requiring Defendant to reenroll Plaintiff in its Surgical Technology program with auxiliary aids and services that ensure effective communication;

      D.      Award actual and compensatory damages as permitted by federal and state law, and, in the alternative, nominal damages;

      E.      Award reasonable attorneys' fees, costs, and expenses under the ADA, Section 504, and the IHRA, including expert witness fees; and

      F.      Grant such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ *Terrence J. Dee*
Terrence J. Dee
Matthew A. Sanchez
WINSTON & STRAWN LLP
300 North La Salle Drive
Suite 4400
Chicago, Illinois 60654-3406
Tel.: +1 312-558-5600
Facsimile: +1 312-558-5700
tdee@winston.com
matsanchez@winston.com

Paul W. Mollica
Equip for Equality
20 N. Michigan Avenue
Suite 300
Chicago, Illinois 60602
Tel.: +1 312-895-7350
Facsimile: +1 312-800-0912
paulm@equipforequality.org

Howard A. Rosenblum
DEAF EQUALITY
180 N. LaSalle Street
Suite 3650
Chicago, Illinois 60601
Tel: +1 773-461-0660
Howard.rosenblum@deafequality.org

*Counsel for Plaintiff*

Date: February 25, 2026

20